UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HERBERT P. MONTALBANO, INC. | CIVIL ACTION |
| VERSUS | NO. 06-7940 |
| TRANSPORTATION INSURANCE COMPANY<br>a/k/a CNA INSURANCE COMPANY | SECTION "N" |

**ORDER AND REASONS**

Presently before the Court is the Motion for Summary Judgment filed by Defendant Transportation Insurance Company, a/k/a CNA Insurance Company (Rec. Doc. No. 29). The Court has reviewed all written memoranda submitted by the parties to date in connection with this motion, and has determined that oral argument is not warranted. As stated herein, **IT IS ORDERED** that the motion is **DENIED.**

**I.    Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L. Ed.2d 202 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986);  *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553;  *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party.  *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).  Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.    Analysis**

Defendant's motion presents the issue of whether it timely received Plaintiff's insurance premium. Many key facts relative to this issue are not in dispute. Specifically, Plaintiff received written notice that its policy would be cancelled if the premium were not received by Defendant by Tuesday, June 28, 2005, at 12:01 a.m. On Wednesday, June 22, 2005, Plaintiff mailed a premium check to the St. Louis, Missouri, post office box address provided on the notice of cancellation. The reverse side of Plaintiff's check bears a "date stamp" of the June 28, 2005. A time is not reflected.

3

The evidence provided by the parties establishes that mail is transported 24 hours per day, 7 days a week, from the indicated post office box, referred to as a "lockbox," to the nearby U.S. Bank.  At U.S. Bank, the contents of the received envelopes are processed, which includes the assignment of the referenced date stamp.  Significantly, however, the Rule 30(b)(6) testimony of Ms. Pamela Moreland-Doup establishes that the premium check processing "cuts off" at 1:00 p.m. each day.[1]  In other words, checks received after 1:00 p.m. on a given day will not be processed and, particularly, not date stamped, until the following day.[2]  This testimony, when considered in connection with other pertinent facts, creates a genuine issue of material fact with respect to whether Plaintiff's premium check  was actually timely received at Defendant's lockbox between the hours of June 27, 2005, 1:01 p.m. and June 28, 2005, 12:01 a.m.

The Court realizes that Plaintiff could have taken additional steps to ensure that his premium check was received prior to June 28, 2005, at 12:01 a.m.  For example, he could have utilized an overnight delivery service on June 22, 2005, that would have accomplished a much earlier confirmed delivery.  The Court, however, will not impose such a duty, as a matter of law, that is not clearly prescribed in the contract documents at issue.  Nor has evidence regarding the typical time required for mail delivery to St. Louis, Missouri, been submitted.  Finally, moreover, despite the requirement of receipt on a particular date *and* time, the notice of cancellation does not inform the insured that Defendant's premium check processing actually ends early afternoon on the *prior*

---

[1] *See* Transcript of CNA Insurance Company, through its representative, Pamela Moreland-Doup, Plaintiff's Exhibit 1 to Plaintiff's Supplemental Memorandum in Opposition to Motion for Summary Judgment (Rec. Doc. No. 42-2 at pp. 9 of 60 - 11 of 60) at pages 34-42.

[2] *Id.*

day.[3] Accordingly, given the foregoing, the Court determines that Defendant is not entitled to a judgment as a matter of law in its favor on this disputed issue.

### III.     Conclusion

For the foregoing reasons, **IT IS ORDERED** that Defendant's motion for summary judgment (Rec. Doc. No. 29) is **DENIED**.

New Orleans, Louisiana, this __19th__ day of December 2007.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

[3]     *See* Notice of Cancellation of Insurance, Plaintiff's Exhibit 5 to Plaintiff's Supplemental Memorandum in Opposition to Motion for Summary Judgment (Rec. Doc. No.42-2 at p. 37 of 60).